UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

<u>Omar Hervis</u>

    v.                                Civil No. 09-cv-158-JD

<u>United States of America</u>

<u>O R D E R</u>

Omar Hervis, proceeding pro se, seeks relief under 28 U.S.C. § 2255, alleging ineffective assistance of counsel. The government has moved for summary judgment. Hervis moved for assistance in obtaining his file from his former counsel, Attorney Gary J. Hill, and for an extension of time to respond to the government's motion to thirty days after he receives the file.

The court previously directed Hill to provide Hervis with a copy of his file by giving it to Hervis's daughter and extended the time for his response to the government's motion for summary judgment. In a letter dated October 18, 2009, Hervis represents that his daughter went to Hill's office, in El Paso, Texas, where a secretary told her that a copy of the file had been sent months ago to Hervis at his prison address. Hervis represents that he never received that mailing. He again asks for the court's assistance in obtaining his file.

A deputy clerk of court recently contacted Hill's firm and spoke to a secretary in the office who represented that the firm had sent a copy of the file to Hervis, that the firm was currently consumed by preparation for a trial leaving little time to recopy the file, and that Hervis's step-daughter had been told that she could either copy the file at the firm's office or take the parts she needed and have them copied elsewhere.[1]  The secretary said that Hervis's step-daughter did not have time to copy the file.

In the meantime, the government's motion for summary judgment has been pending here since October 7, 2009.  Hervis contends that he cannot draft his response without access to Hill's file from his criminal case.  Therefore, the problem with Hervis's access to the file is delaying the progress of this case.

Under the Texas Disciplinary Rules of Professional Conduct, upon termination of representation, a lawyer is required to surrender papers and property to which the client is entitled, retaining only those papers "relating to the client to the extent permitted by other law to the extent permitted by other law [and]

---

[1] Although Hervis refers to his "daughter," the secretary at Hill's office referred to her as Hervis's "step-daughter."  The court assumes that both are referring to the same person.

only if such retention will not prejudice the client in the subject matter of the representation." Tex. R. Disciplinary P. 1.15(d), reprinted in Tex. Gov't Code Ann., tit. 2, subtit. G (Vernon 2005). Rule 1.14(b) requires lawyers to return the client's property promptly. The client's property includes the client's papers and other documents in the client's file. Tex. Ethics Op. No. 570, 2006 WL 2038682, *1 (Tex. Prof. Eth. Comm. May 2006).

"Read together, Rules 1.14(b) and 1.15(d) provide that, generally, the documents in a lawyer's file that are property to which the client is entitled must be transferred to the client upon request unless the lawyer is permitted by law to retain those documents and can do so without prejudicing the interests of the client in the subject matter of the representation." Id. at *2. The documents to which the former client is entitled include the lawyer's notes contained in the file unless an exception applies. Id. at *4.

In light of the requirements of the Texas Disciplinary Rules, it appears that Attorney Hill must provide Hervis's file to him. That obligation can be satisfied in a variety of ways, including by sending the file or a copy of the file to Hervis at his prison address with appropriate procedures in place to provide proof that it was sent to and received by the prison, or

by giving the file or a copy of the file to Hervis's daughter in Texas, again with appropriate certification of what happened. Attorney Hill can retain copies of any documents in the file that are necessary for his records.

### Conclusion

For the foregoing reasons, Hervis's motion to obtain his file from his former counsel, Gary J. Hill, (document no. 14) is granted to the extent that Attorney Hill shall provide Hervis with the file from Hervis's criminal proceeding, with appropriate proof that the file was provided, **on or before December 11, 2009,** and shall provide notice to this court that the file has been provided along with proof of that occurrence.

Hervis's objection to the government's motion for summary judgment shall be due **on or before January 11, 2010.**

SO ORDERED.

/s/ Joseph A. DiClerico, Jr.
Joseph A. DiClerico, Jr.
United States District Judge

November 23, 2009

cc: Omar Hervis, pro se
    Aixa Maldonado-Quinones, Esquire